UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronald COWAN, Defendant–Appellant.

No. 98–5837.

United States Court of Appeals,
Sixth Circuit.

Argued: Sept. 27, 1999

Decided and Filed: Oct. 27, 1999

Stuart J. Canale, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Attorney, Memphis, Tennessee, for Plaintiff–Appellee.

Thomas J. Gibson, Asst. Fed. Pub. Defender (argued and briefed), Office of the Federal Public Defender for the Western District of Tennessee, Memphis, Tennessee, for Defendant–Appellant.

Before: KEITH, CONTIE, and COLE, Circuit Judges.

## OPINION

CONTIE, Circuit Judge.

Defendant-appellant Ronald Cowan ("Cowan") let a friend use his gun to commit an armed robbery. On appeal, Cowan asserts that he should not be held accountable for his friend's use of the firearm under United States Sentencing Guideline § 2B3.1(b)(2)(C). We reject Cowan's argument and therefore affirm the district court's sentencing determinations.

### I.

On July 10, 1997, a young man (hereinafter "the juvenile") carrying a sawed-off rifle entered a Payless Beauty Supply store in Memphis, Tennessee. The juvenile pointed the weapon at the store clerk's face and demanded money. The clerk opened the cash register and pushed the alarm. The juvenile reached over the counter, grabbed money from the cash

register, turned and ran from the store.[1] A witness to the robbery recognized, and later identified, the juvenile. On July 14, 1997, police arrested the juvenile and charged him with aggravated robbery.

The juvenile told police that he used Cowan's gun to commit the robbery.[2] When questioned by the police, Cowan acknowledged that he gave the sawed-off rifle to the juvenile knowing that he intended to do a "sting" because he needed some cash. Though Cowan told the officers that he did not know who the juvenile planned to rob, he admitted that he knew that the juvenile had committed numerous robberies in the past.

On August 28, 1997, Cowan was charged with possessing an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871 in a one-count indictment.[3] On November 7, 1997, Cowan entered a guilty plea.

In Cowan's Presentence Investigation Report, the United States Probation Officer recommended that Cowan's offense level be increased by five levels pursuant to U.S.S.G. § 2B3.1(b)(2)(C) because the juvenile used his firearm to commit the robbery. On May 21, 1998, the day before his sentencing hearing, Cowan objected to the five-level enhancement proposed by the probation officer. Specifically, Cowan asserted:

> The proof shows that the defendant knew that the juvenile would use the firearm in "another offense," *i.e.*, other than the defendant's offense of unlawful possession of the firearm, but there is no

evidence that the defendant knew that the juvenile would rob the Payless store. Nor is there any evidence that the defendant participated in any manner in the robbery itself. . . .

> Since the defendant did not know the manner in which the juvenile would conduct his "sting," the defendant did not conspire with the juvenile to rob the Payless store. . . . The criminal plan in this case was the robbery of the Payless store, a fact of which the defendant was unaware. . . . Because there was no conspiracy in this case or jointly undertaken criminal activity, the five-level enhancement of Section 2B3.1(b)(2)(C) should not be added to the base offense level of 20 found in Section 2B1.1(a). The total offense level of 22 found in paragraph 26 of the presentence report should be reduced to 17, and with a Criminal History Category of II, his guideline range should be 27–33 months.

Defendant's Position Paper at 4–6.

On May 22, 1998, the district court sentenced Cowan to a 46–month term of imprisonment and a two-year term of supervised release.[4]

Cowan filed his timely notice of appeal on May 29, 1998.

## II.

### *Standard of Review*

■ "This court reviews a district court's application of the Sentencing Guidelines *de novo*, and the district court's

---

1. When the juvenile turned to leave the store, the clerk struck him in the head with a jar of hair gel.

2. The gun was a Remington Model 510 .22 caliber single-shot rifle with a sawed-off 10-1/2″ barrel.

3. Specifically, the indictment alleged:

> From on or about July 10, 1997, up to and including July 15, 1997, in the Western District of Tennessee, the Defendant, **RONALD COWAN** did knowingly possess a firearm, specifically, a Remington Model 510

.22 caliber rifle having a barrel of less than sixteen inches in length, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

August 28, 1997 Indictment.

4. It should also be noted that the district court made a "[s]trong recommendation that defendant be allowed to participate in the 'Shock Incarceration Program' at the earliest date allowed." Judgment in a Criminal Case at 2.

findings of fact thereunder for clear error." *United States v. Jarman*, 144 F.3d 912, 914 (6th Cir.1998) (citation omitted). *See also* 18 U.S.C. § 3742(e) ("The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.").

### The Relevance of U.S.S.G. § 2B3.1(b)(2)(C) to This Action

Pursuant to U.S.S.G. § 2B3.1(a), the base offense level for robbery is 20. If a firearm was brandished, displayed or possessed during the robbery, five levels are added to the base offense level pursuant to U.S.S.G. § 2B3.1(b)(2)(C). Accordingly, the district court increased Cowan's base offense by five levels pursuant to § 2B3.1(b)(2)(C) because the juvenile used Cowan's gun to commit the robbery. On appeal, Cowan asserts that the district court erred by increasing his offense level under § 2B3.1(b)(2)(C) because he did not aid and abet the robbery, and because he did not engage in joint criminal activity with the juvenile. Cowan therefore asserts that the district court improperly calculated his sentencing guideline range:

> Section 2K2.1(c)(1) of the guidelines, by cross-reference to § 2X1.1, provides that the base offense level of twenty (20) contained in the robbery guideline, § 2B3.1, should apply in this case. Section 2X1.1 requires that all adjustments to the base offense level be added, but these adjustments may not be utilized unless the conditions of § 1B1.3 are met. The district court committed error in finding that the defendant aided and abetted the juvenile's commission of the robbery offense. In addition, assuming that the juvenile's brandishing of a firearm was foreseeable when the defendant lent him the weapon to perform a "sting," there is no evidence that the robbery was the result of "jointly undertaken criminal activity" as required by § 1B1.3(a)(1)(B). Since the defendant did not aid and abet the robbery or the brandishing of the firearm, nor did the defendant engage in joint criminal activity with the juvenile, the five-level enhancement should not have been imposed.

Appellant's Brief at 8.

In response, the United States asserts that the district court properly applied the five-level enhancement because Cowan should have foreseen that the juvenile would brandish the firearm during a robbery:

> Section 2K2.1 of the sentencing guidelines contains a cross-reference provision to be applied when the defendant used or possessed a firearm in connection with the commission or attempted commission of another federal, state, or local offense. In this case, the Court made a factual finding that the Defendant, by giving the juvenile the sawed-off rifle to be used in a robbery, effectively aided and abetted the juvenile in the robbery. The Court further found that it was reasonably foreseeable that the weapon would be brandished during the armed robbery; therefore, the Defendant should be held accountable for that conduct as well. Using the cross-referencing provisions of the guidelines, the probation office properly calculated the Defendant's base offense level under Section 2B3.1(a) of the sentencing guidelines. In addition, the probation office calculated an additional five-level enhancement under Section 2B3.1(b)(2)(C), since the firearm had been brandished during the robbery.

> Here, the facts clearly demonstrate that the Defendant should have foreseen that the juvenile would brandish the weapon; therefore, the district court did not err by applying the five-level enhancement.

Appellee's Brief at 6. We must therefore determine whether the district court prop-

erly applied the five-level adjustment under § 2B3.1(b)(2)(C) in light of the juvenile's use of Cowan's firearm during the robbery.[5]

Cowan pled guilty to possessing an unregistered firearm having a barrel of less than 16 inches in length (*i.e.*, a sawed-off rifle). During Cowan's sentencing hearing, the United States established that Cowan gave the unregistered sawed-off rifle to the juvenile to use in a "sting." Though Cowan asserts that he did not know that the juvenile intended to rob the Payless Beauty Supply store, he knew that the juvenile had committed robberies in the past.

The relevant sentencing guideline provision, U.S.S.G. § 2K2.1 ("Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition"), contains a cross-reference provision which applies when a defendant uses or possesses a firearm in connection with the commission, or attempted commission, of another offense:

> If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense, *or possessed or transferred a firearm or ammunition with knowledge or intent that it would be used or possessed in connection with another offense*, apply—
>
> > (A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above. . . .

U.S.S.G. § 2K2.1(c)(1) (emphasis added).

▮ Accordingly, if the base offense level under § 2X1.1 exceeds the base offense level under § 2K2.1, we use the base offense level "from the guideline for the substantive offense" pursuant to § 2X1.1(a). *See also* U.S.S.G. § 2X1.1, comment. (n.2) (the "substantive offense" is "the offense that the defendant was

convicted of soliciting, attempting, or conspiring to commit"). Moreover, the sentencing guidelines do not restrict § 2K2.1(c), the cross-reference provision, to offenses that were charged in the indictment or that resulted in a conviction. *See United States v. Voyles*, 995 F.2d 91, 93 n. 3 (6th Cir.1993) ("It does not follow, in our view, that in sentencing this defendant for possession·of a firearm ... the sentencing court was required to shut its eyes to the fact that the defendant used the firearm to commit a robbery."); *United States v. Bronaugh*, 895 F.2d 247, 251 (6th Cir.1990) ("It may be thought anomalous that a defendant can receive a five-fold increase in his sentence because a preponderance of the evidence indicates he is guilty of an uncharged crime. But such increases are possible, under the guidelines, not only where the other crime is uncharged, but where the other crime does not even come within the jurisdiction of the federal courts.").

Relying on the cross-reference language found in § 2K2.1(c), the probation officer determined Cowan's base offense level (20) by referring to the sentencing guidelines' robbery provision, § 2B3.1. The probation officer then recommended that Cowan's offense level be increased by five levels pursuant to § 2B3.1(b)(2)(C) because Cowan's firearm "was brandished, displayed, or possessed" during the robbery. Cowan objected to the probation officer's recommendations. · Because the district court found that it was reasonably foreseeable that the juvenile would brandish, display or possess the firearm during the robbery, the court rejected Cowan's arguments and adopted the probation officer's sentencing recommendations:

> I would agree that if the—if the 17–year old had not told—had said let me borrow your sawed-off shotgun and didn't say what they were going to do, then y'all are probably right, but everybody

---

5. As noted above, the juvenile pointed the sawed-off rifle at the store clerk and demand-ed money.

**650**

agrees that he said I'm going to basically go do a sting, and everybody understood that that meant that he was—that he was not going to go borrow money based on hocking the gun, he was going to go hold up something, he was going to commit a robbery. So Mr. Cowan knew at that point that he was giving somebody a weapon for the purpose of commission of a crime. He basically aided and abetted in the commission of the robbery. He knew a crime was going to be committed. He knew the nature of the crime, he knew it was going to be a robbery. He knew it was going to be a robbery with a firearm, and he advanced the weapon for that purpose.

. . . .

In this case, it was very reasonably foreseeable, it was virtually inevitable that not only was he aiding and abetting but it was totally foreseeable that they would brandish the weapon.

. . . .

. . . He knew—he had enough information to qualify . . . for robbery and for brandishing, displaying and so forth of a firearm. . . . . I mean he counseled a robbery. He helped induce the robbery by providing the mechanism to do it with. He did things that we don't want under our system of laws for people to do. We want people to say no, I won't give you my sawed-off shotgun to go commit a robbery. . . . He knew with certainty—he even knew when the robbery was going to be committed. . . . The facts support the conclusion that the probation office has reached the right—has performed the correct analysis in the case. . . .

Transcript of May 22, 1998 Sentencing Hearing at 13–22.

■ On appeal, Cowan asserts that he should not be held accountable for the juvenile's criminal conduct because the juvenile's actions were not reasonably foreseeable. We disagree. Cowan admitted that he gave the juvenile the gun to commit a "sting," and that he knew the juve-

nile had committed numerous robberies in the past. Moreover, it is certainly foreseeable that a person borrowing a gun to commit a robbery plans to brandish, display or possess the gun during the robbery. Because the juvenile's use of the gun during the robbery was reasonably foreseeable, the district court's decision to increase Cowan's offense level under U.S.S.G. § 2B3.1(b)(2)(C) was not clearly erroneous.

Accordingly, we **AFFIRM** the district court's sentencing determinations.