# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2515

_____

United States of America,

        Appellee,

v.

Latoya Rose Hourston,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Arkansas.
\*
\*       [UNPUBLISHED]
\*

_____

Submitted: April 30, 2004

Filed: May 5, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Latoya Rose Hourston challenges the sentence the district court[1] imposed after a jury convicted her of aiding and abetting armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and knowingly and willfully making false material statements to a Federal Bureau of Investigation agent, in violation of 18 U.S.C. § 1001(a)(2). The district court sentenced her to 87 months imprisonment and 3 years supervised release. On appeal, Ms. Hourston argues the evidence did not support a

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

sentencing enhancement under U.S.S.G. § 2B3.1(b)(2)(C), which requires a 5-level increase if a firearm was brandished or possessed during a robbery. Specifically, Ms. Hourston argues that she should not have received the enhancement because she did not possess a gun, nor was she present during the robbery; the jury acquitted her of a related weapon charge; and there was no credible testimony justifying the enhancement.

After careful review, we conclude the court did not err in assessing the firearm enhancement. See United States v. Martinez, 339 F.3d 759, 761 (8th Cir. 2003) (standard of review). First, according to the trial testimony of Ms. Hourston's codefendant, which the sentencing court was entitled to credit, Ms. Hourston obtained the gun for the robbery; thus it would have been reasonably foreseeable to Ms. Hourston that the gun would be displayed during the robbery. See U.S.S.G. §§ 1B1.3(a) (in case of jointly undertaken criminal activity, specific offense characteristics are determined based on "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity," whether or not charged as conspiracy, that occurred during commission of offense of conviction, or in preparation for offense); United States v. Sarabia-Martinez, 276 F.3d 447, 450 (8th Cir. 2002) (sentencing judge's determination of witness credibility is virtually unreviewable on appeal); United States v. Cowan, 196 F.3d 646, 649-50 (6th Cir. 1999) (brandishing-firearm enhancement appropriate where defendant gave gun to juvenile to commit sting, as it was foreseeable that person borrowing gun to commit robbery planned to brandish, display, or possess the gun during the robbery), cert. denied, 529 U.S. 1061 (2000). Second, the jury's acquittal of Ms. Hourston on the weapon charge was not dispositive. See United States v. Watts, 519 U.S. 148, 149, 157 (1997) (sentencing court may consider conduct of which defendant has been acquitted, so long as that conduct has been proved by preponderance of evidence); United States v. Wallace, 212 F.3d 1000, 1005 (7th Cir. 2000) (firearm enhancement appropriate where defendant, who was convicted of

-2-

aiding and abetting armed bank robbery, was acquitted of separate charge that he used firearm during crime of violence).

Accordingly, we affirm.

_____