**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George E. GRAY, Defendant–Appellant.**

**No. 03–5888.**

United States Court of Appeals,
Sixth Circuit.

Aug. 27, 2004.

Jerry R. Kitchen, Asst. U.S. Attorney, U.S. Attorney's Office, Jackson, TN, for Plaintiff–Appellee.

Stephen B. Shankman, Fed. Public Defender, M. Dianne Smothers, Asst. F.P. Defender, Office of the Federal Public Defender for the Western District of Tennessee, Memphis, TN, for Defendant–Appellant.

George E. Gray, Forrest City, AR, pro se.

Before KEITH, MARTIN, and ROGERS, Circuit Judges.

### ORDER

George E. Gray, proceeding through counsel, appeals his judgment of conviction and sentence. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On August 27, 2001, Gray pled guilty pursuant to a written plea agreement to counts one and seven of a nine count indictment. Count one charged Gray with conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and count seven charged Gray with possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The remaining seven counts were dismissed upon the government's motion. Following the preparation of a presentence investigation report, the district court sentenced Gray to serve 125 months of imprisonment for conspiracy and 60 months of imprisonment for possession of a firearm,

to run consecutively, serve five years of supervised release, and pay a special assessment in the amount of $200.

Gray filed a timely appeal, in which he argues that the district court improperly increased his offense level by four levels pursuant to USSG § 3B1.1(a) based upon his "alleged role as a leader in a conspiracy of five or more participants." The parties have waived oral argument.

We review "a district court's application of the Sentencing Guidelines *de novo,* and the district court's findings of fact thereunder for clear error." *United States v. Cowan,* 196 F.3d 646, 647–48 (6th Cir. 1999); *see also United States v. Dupree,* 323 F.3d 480, 484 (6th Cir.2003). The court "must follow the clear and unambiguous language of the Sentencing Guidelines when interpreting and applying specific provisions." *United States v. Wynn,* 365 F.3d 546, 548 (6th Cir.2004) (quoting *United States v. Young,* 266 F.3d 468, 484 (6th Cir.2001)). Furthermore, a factual finding is clearly erroneous "when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *United States v. Russell,* 156 F.3d 687, 690 (6th Cir.1998) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

The sentencing guidelines provide for a four-level increase to a defendant's offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). The government must prove that the defendant had an organizational or leadership role in the offense by a preponderance of the evidence. *Dupree,* 323 F.3d at 491; *United States v. Ward,* 68 F.3d 146, 151 (6th Cir.1995).

Upon review, we conclude that the district court properly enhanced Gray's offense level pursuant to § 3B1.1(a) because the government met its burden of proving, by a preponderance of the evidence, that Gray held an organizational or leadership role in the methamphetamine conspiracy. First, when Gray pled guilty to conspiracy to manufacture and distribute methamphetamine, as charged in the indictment, he admitted that he directed individuals to supply him with the materials necessary to manufacture methamphetamine, taught individuals how to manufacture methamphetamine, and supplied individuals with materials necessary for their own manufacture of methamphetamine during the time period specified in the indictment. Second, several individuals testified before the district court that Gray taught them how to manufacture methamphetamine and that they provided Gray with the materials necessary to manufacture methamphetamine in exchange for various quantities of the methamphetamine that was manufactured from those supplies. Third, the government presented evidence that Gray manufactured methamphetamine at his business and allowed other individuals to manufacture methamphetamine at that same location. Fourth, the government presented evidence that the methamphetamine conspiracy, to which Gray pled guilty, involved at least five individuals.

We requested and received supplemental letter briefs on the question of how the Supreme Court's decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) might affect the resolution of this case. Even assuming that the issue is properly before us, our intervening en banc decision in *United States v. Koch* —— Fed.Appx. ——, 2004 WL 1870438 (6th Cir. Aug. 13, 2004) determines that *Blakely* does not require a remand in this case.

Accordingly, we affirm the district court's judgment.