NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0351n.06

Nos. 07-2556, 07-2557, and 08-1513

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>**May 20, 2009**<br>LEONARD GREEN, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| FRANK KAMA (07-2556) | ) | MICHIGAN |
| MICHAEL ANDERSON (07-2557) | ) |  |
| RONI SHABA (08-1513), | ) |  |
|  | ) |  |
| Defendants-Appellants. | ) |  |
|  | ) |  |

Before: SILER, GILMAN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Defendants Michael Anderson, Frank Kama, and Roni Shaba appeal their sentences for conspiring to possess with intent to distribute methylenedioxymethamphetamine pills (MDMA), in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.

I.

Anderson and Kama pled guilty to conspiring to possess with intent to distribute 1,300 pills of MDMA, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court calculated their base-offense levels based on the total weight of the pills, pursuant to USSG § 2D1.1, Note B. That calculation ultimately yielded a Guidelines range of 57-71 months for Anderson and 63-78 months

for Kama. The district court thereafter sentenced Anderson to 57 months' imprisonment, and Kama to 48 months' imprisonment.

Shaba pled guilty to involvement in a separate conspiracy, which arose from his sale of 3,100 MDMA pills. The total weight of the pills was unknown, so the district court calculated Shaba's base-offense level based on the "typical weight" for each pill under § 2D1.1, Note 11. The district court then sentenced him to 51 months' imprisonment, which was within his Guidelines range of 51-63 months.

These consolidated appeals followed.

## II.

We review a district court's factual findings in sentencing a defendant for clear error, *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005), and its application and interpretation of the Guidelines *de novo*. *United States v. Cousins*, 469 F.3d 572, 575 (6th Cir. 2006).

Defendants contend that, in calculating their base-offense level, the district court should have considered only the weight of the "pure" MDMA itself, rather than the weight of the entire pill. This argument is plainly foreclosed by precedent. "This court has repeatedly rejected the argument that only the 'pure' weight of a controlled substance should be used as the basis for calculating a defendant's base offense level instead of the weight of the entire pill." *United States v. Jeross*, 521 F.3d 562, 577 (6th Cir. 2008). To the contrary, "a defendant's base-offense level is to be determined by the *entire* weight of the pill containing the controlled substance, and not by the weight of the actual controlled substance alone (i.e., the weight of the pure MDA, MDMA, or meth contained in the pill)." *Id.* (emphasis in original).

The district court's judgment is affirmed.