NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0679n.06

No. 08-5470

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Oct 09, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| TROY DEMETRIUS GRIMES, | ) | |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE:    BATCHELDER, Chief Judge, KENNEDY and McKEAGUE, Circuit Judges.

**McKeague, Circuit Judge**.   Troy Grimes was arrested as he and two other men walked William Luster down the street after assaulting him.  A jury convicted Grimes of being a felon in possession of a firearm.  At sentencing, the district court found that Grimes had committed kidnapping by moving Luster against his will.  The district court therefore enhanced Grimes's offense level pursuant to Guidelines § 2K1.1, § 2X.1.1, and § 2A4.1.  Based on the enhanced offense level and Grimes's criminal history, the advisory Guidelines range for Grimes was 324-405 months in prison.  The district court sentenced Grimes to 405 months in prison.  Grimes now appeals his sentence.

**I.**

Based on testimony at trial and the presentence report ("PSR"), the events occurred as follows.  On December 14, 2006, Troy Grimes and two other men assaulted William Luster in

Jackson, Tennessee. Grimes went into a house and dragged Luster outside by his shirt collar. Luster pulled out of his shirt and tried to run away. Grimes caught Luster and told him he would shoot him in the back if he ran. Grimes hit Luster with a gun. He threw Luster to the ground and put him in a chokehold until Luster passed out. Another man kicked Luster several times. Grimes then let Luster get up, and Luster called his mother to arrange money to pay Grimes. Grimes told Luster that he was going to take Luster to Luster's mother and kill him in front of her. Grimes and two other men walked Luster roughly seventy yards down the street. One of the men had his hand in the back of Luster's pants so that Luster could not get away. Two of the men hit Luster several more times as they were walking.

Investigator Julian Wiser and Investigator Phillip Kemper received a radio dispatch regarding an assault in progress. When they arrived, they saw three men walking with Luster. Luster had his shirt off, and he was covered in blood. The men were only a few feet apart.

After Investigators Wiser and Kemper arrived, they yelled for everyone to stop and get on the ground. Two of the men immediately complied. Grimes and another man ran from Wiser and Kemper. As Grimes turned to run, he dropped a gun on the sidewalk. Investigator Kemper apprehended Grimes and arrested him. Another officer searched Grimes and found Luster's wallet.[1]

Grimes was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). After a two-day trial, a jury found Grimes guilty. The PSR recommended that Grimes should be placed in criminal history category VI. To calculate Grimes's offense level, the PSR used Guideline

---

[1] Luster testified that his mother had reported his wallet missing several weeks earlier.

§ 2K2.1(c)(1)(A) with a cross-reference to § 2X1.1, which enhances the offense level if another substantive offense was committed that was more serious. The PSR recommended that the Guideline for the most serious substantive offense Grimes committed was found at Guideline § 2A4.1(a). Guideline § 2A4.1(a) provides the offense level for kidnapping, abduction, and unlawful restraint. Using the cross-reference, the PSR calculated Grimes's offense level as 36. The PSR noted that if the district court did not apply the cross-reference, Grimes's offense level would be 34 under the Armed Career Criminal Act.

In his position paper, Grimes objected to the PSR's description of the offense conduct. He argued that he did not possess the firearm. He did not explicitly contest the other facts in the offense conduct section, instead noting that, "[a]s current felony charges are pending in Madison County Circuit Court, Defendant cannot make any further statements regarding the other conduct set forth." At sentencing, his counsel noted that, based on Luster's testimony, a cross-reference to assault would be more appropriate than a cross-reference to kidnapping. Grimes's counsel, however, did not challenge the description of the underlying conduct in the PSR. The government argued that Grimes's actions constituted kidnapping under Tennessee law and that the cross-reference should therefore apply.

The district court applied the kidnapping cross-reference. It found, "based on the testimony that it heard at trial, that the victim in this case, Mr. Luster, was made to go from a place where he was to another place. And he was taken by Mr. Grimes down the street against his will." This was "sufficient to justify a cross-reference to the kidnapping statute." Given the application of this cross-

reference, the district court found that Grimes's sentencing range was 324-405 months in prison. After reviewing the § 3553(a) factors, the district court sentenced Grimes to 405 months in prison.

**II.**

Grimes first contends that the district court erred in using Guideline § 2K2.1 and § 2X1.1 to cross-reference to § 2A4.1. Grimes did not raise this argument before the district court, so it is reviewed for plain error. *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). In order to show plain error, Grimes must show "(1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

Guideline § 2K2.1(c) provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense . . . apply (A) § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above . . . ." Guideline § 2X1.1 allows the district court to refer to the "base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." "The § 2K2.1(c) cross-reference allows a district court to consider what the defendant's sentence would have been for crimes other than the firearm possession, and use the higher of the two offense levels to compute the sentence." *United States v. Smith*, 196 F.3d 676, 685 (6th Cir. 1999); *see also United States v. Settle*, 414 F.3d 629, 632 (6th Cir. 2005); *United States v. Cowan*, 196 F.3d

646, 649 (6th Cir. 1999). Therefore, under clearly established Sixth Circuit precedent, the district court did not err in applying the cross-reference.

Grimes also contends that the cross-reference should not apply unless he was convicted of the offense cross-referenced. However, we have previously made clear that the cross-reference is not limited to "offenses charged in the indictment or that resulted in a conviction." *Cowan*, 196 F.3d at 649; *United States v. Voyles*, 995 F.2d 91, 93 n.3 (6th Cir. 1993) (per curiam). Grimes's argument is foreclosed by our precedents, and the district court therefore did not err in using the cross-referencing provisions provided in § 2K2.1(c).

**III.**

Grimes next argues that the district court erred in finding on the facts before it that Grimes committed the offense of kidnapping. If a defendant does not object to the facts set out in the PSR, any objection to those facts is forfeited. *Vonner*, 516 F.3d at 385 ("By failing to object to the presentence report, [the defendant] accepted all of the factual allegations contained in it."); *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001) (treating a failure to object to the amount of drugs in a PSR as an admission of that fact). If a defendant preserves an objection to the facts used in sentencing, however, we review the district court's factual findings for clear error. *United States v. Ward*, 506 F.3d 468, 472 (6th Cir. 2007). A factual finding is clearly erroneous when, based on the entire record, the sentencing court is "left with the definite and firm conviction that a mistake has been committed." *Tran v. Gonzales*, 447 F.3d 937, 943 (6th Cir. 2006). The application of a cross-reference based on an uncharged crime is a mixed question of law and fact that we review de novo. *United States v. Brika*, 487 F.3d 450, 454 (6th Cir. 2007).

Grimes only clearly objected to one fact in the PSR's articulation of the underlying offense conduct. In the section of his position paper relating to the paragraphs establishing the relevant facts, he asserted that he did not possess the firearm. He also noted that, "[a]s current felony charges are pending in Madison County Circuit Court, Defendant cannot make any further statements regarding the other conduct set forth." Grimes did not make any further objections to the facts in the PSR during sentencing. As Grimes's appellate counsel appeared to concede that there had been no objection to the description of the acts by Grimes and the others against Luster articulated in the PSR, we find that Grimes forfeited his objection to the factual basis for the cross-reference.

Even assuming that Grimes's position paper preserved this objection below, the district court did not clearly err in its findings of fact. The district court found that Luster was made to go from one place to another, that Luster was seriously injured, and that Grimes moved Luster against his will. Grimes argues that there is no evidence that Luster was moved against his will. However, Luster indicated that Grimes told Luster he was going to kill Luster in front of his mother and that Grimes had told Luster he would kill Luster if he ran. Further, Luster stated that "one of them [the men escorting Luster] had their hand in the back of my pants so I couldn't get away."[2] The three men also continued to hit Luster as they walked down the street. Therefore, the district court did not clearly err in finding Luster was moved against his will.

---

[2]The district court described Luster as saying that Grimes had held the back of Luster's pants. We note that Luster did not specifically state that Grimes held the back of Luster's pants–only that one of the men had done so. However, Grimes did not contest this fact before the district court or on appeal, nor is there any evidence in the record contradicting the district court's description.

With these facts established, we find that the district court appropriately applied the kidnaping cross-reference. The Guidelines do not explicitly define kidnapping. *See* UNITED STATES SENTENCING GUIDELINES MANUAL § 2A4.1. However, the cross-reference provision indicates that the cross-reference applies to another offense that the defendant used or possessed the firearm in connection with. *Id.* § 2K2.1(c)(1). The Guidelines define "another offense" as "any federal, state or local offense." *Id.* § 2K2.1 cmt. n.14(C). The government argued before the district court that the relevant other offense was kidnapping under Tennessee law. In Tennessee, a defendant is guilty of kidnapping if the defendant exposes the victim to "substantial risk of bodily injury" while "knowingly removing or confining them unlawfully so as to interfere with the victim's liberty." *State v. Richardson*, 251 S.W.3d 438, 441-42 (Tenn. 2008) (quoting TENN. CODE ANN. § 39-13-303 and TENN. CODE ANN. § 39-13-302).

The established facts indicate that Grimes's actions constituted kidnapping under Tennessee law. Grimes and the other men moved Luster without Luster's consent, and they did so while causing Luster substantial bodily injury. Therefore, the district court correctly applied the kidnapping cross-reference to enhance Grimes's offense level.[3]

## IV.

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.

---

[3]On appeal, both parties also present the federal definition of kidnapping as a basis for the cross-reference. Because the district court properly found Grimes's actions constituted kidnapping under Tennessee law, we need not determine whether Grimes's conduct constituted kidnapping under federal law. We note, however, that the only relevant additional element in the federal statute is purpose, *see* 18 U.S.C. § 1201, and that there was evidence that Grimes and the other men moved Luster for the purpose of killing Luster in front of his mother.