NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0009n.06

**Case Nos. 07-6057 and 07-6155**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jan 06, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee/Cross-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| JEROME SAWYERS, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant/Cross-Appellee. | ) | |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| | ) | |

**BEFORE: BATCHELDER, Chief Judge, COLE, Circuit Judge; and Lawson\*, District Judge.**

**ALICE M. BATCHELDER, Chief Judge.** This is the appeal of defendant's resentencing

for possessing an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 (2006), and

being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Defendant-Appellant/Cross-Appellee Jerome Sawyers ("Sawyers") raises several claims regarding

the calculation of his base offense level, the standard of proof for the enhancements he was given,

the consecutive running of his sentences, and the application to his case of *United States v. Booker*,

543 U.S. 220 (2005). The government counters that the sentence meted out was procedurally

unreasonable because it failed to consider the cross reference provision of U.S.S.G. § 2K2.1(c), and

failed to apply a two-level increase for obstruction of justice. Because it is not clear from the record

---

\*The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting
by designation.

the basis upon which the district court calculated Sawyers' base offense level, and because the court declined to apply § 2k2.1(c)'s cross reference provision to conduct for which Sawyers was not convicted and required too stringent a standard of proof for fact finding at sentencing, we VACATE the sentence and REMAND for resentencing.

## I.

Sawyers was charged in an October 24, 2001, superseding indictment with various weapon and drug violations. Following a trial, on April 19, 2002, a jury found Sawyers guilty of Count 2 of the indictment, possession of an unregistered firearm, and Count 3, felon in possession of a firearm. The court sentenced Sawyers on April 25, 2003, to twenty years in prison. Following Sawyers' pro se appeal of his conviction and sentence, we affirmed the conviction, but remanded for resentencing. *United States v. Sawyers*, 127 F. App'x 174, 186 (6th Cir. 2005).

A resentencing hearing was held on August 13 and 14, 2007, before a district judge different from the one who had presided at Sawyers' trial and original sentencing. The district court on resentencing imposed imprisonment of 115 months for Count 2 and 35 months for Count 3. Sawyers and the United States both appealed.

## II.

> We review a judgment of sentence for reasonableness under an abuse-of-discretion standard. To obtain relief, an appellant must show that the sentence is either procedurally or substantively unreasonable. A sentence may be held procedurally unreasonable if it is marked by significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

*United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008) (citations omitted). "[A] sentence may

2

be substantively unreasonable where the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Tab*, 259 F. App'x 684, 697 (6th Cir. 2007) (citations omitted). We have said that "the border between factors properly considered 'substantive' and those properly considered 'procedural' is blurry if not porous," *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007), but the distinction is not particularly meaningful in terms of the sort of process and reasoning in which the district court is permitted — or not permitted — to engage.

Sawyers' initial claim is that the base offense level on which his sentence was calculated was incorrect because it presumed two prior qualifying adult felony convictions, and Sawyers has only one such conviction. The application notes to the sentencing guideline at issue, U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2K2.1, are clear that a "felony conviction" is a crime punishable by more than one year's imprisonment "regardless of the actual sentence imposed." We agree that Sawyers has only one prior felony conviction as an adult (per Tennessee law, Sawyers' misdemeanor conviction was punishable by less than a year, Tenn. Code. Ann § 40-35-111(e)(1)-(2) (2008)). His offense level, therefore should be calculated based on only one prior felony conviction unless the court provides a reasoned basis for doing otherwise. (We note that there might be such a basis in this case, given Sawyers' long juvenile criminal history, but the court would need to articulate its reason for considering that history.)

Sawyers claims that the district court's explanation of his offense level was, at least, unclear, and, at most, erroneous. Because after *Booker* was decided on January 12, 2005, a sentence based on an improperly calculated guidelines range is considered to be procedurally unreasonable, we must

3

remand for resentencing or clarification. *U.S. v. Catalan*, 499 F.3d 604, 606 (6th Cir. 2007) ("Post-Booker, we consider sentences predicated on a guideline miscalculation to be 'procedurally unreasonable.'") (citations omitted).

Sawyers next claims that the district court erred when it enhanced his sentence on the basis of acquitted conduct. But we have held that a "district court does not abridge the defendant's right to a jury trial by looking to other facts, including acquitted conduct, when selecting a sentence within the statutory range." *United States v. White*, 551 F.3d 381, 385 (6th Cir. 2008). Each of Sawyers' convictions was subject to a statutory maximum term of 120 months' imprisonment. His sentence for Count 2 (possessing an unregistered firearm) was 115 months and his sentence for Count 3 (felon in possession of a firearm) was 35 months, both well within the statutory range. Thus, these claims have no merit.

Sawyers also contests the fact that his sentences were made to run consecutively, rather than concurrently, and claims that the district judge did not provide a rationale for this determination. In *United States v. Owens*, we held that the court must "make[ ] generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense . . . ." 159 F.3d 221, 230 (6th Cir. 1998). The court here, in sentencing Sawyers, said that it was considering "his personal history, his post-incarceration efforts at rehabilitation, his personal circumstances that were outlined by counsel and set out in the presentence report, [and] consider[ing] all of the factors under § 3553(a)," and mentioned its particular concern regarding Sawyers' long history of violence and weapons-related conduct. We conclude that this discussion lacks the specificity necessary to fulfill the *Owens* requirement. On remand, the court should explain more clearly the rationale for its consecutive-sentence

determination. *See* 18 U.S.C. § 3584(b) ("The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).").

Sawyers' final contention is that *United States v. Booker*, 543 U.S. 220 (2005), was incorrectly applied to his case because it post-dated his offenses. Apparently, Sawyers believes that his sentence would have been more palatable under the rubrics of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). But as Sawyers correctly notes in his brief, *Booker* applies to "all cases on direct review" at the time it was decided. *See Booker*, 543 U.S. at 267. *Booker* was decided on January 12, 2005, and Sawyers' direct appeal was decided on March 22, 2005. Sawyers's direct appeal was pending at the time of the *Booker* decision. This claim is meritless.

## III.

The government's cross appeal claims that Sawyers' sentence was procedurally unreasonable because the district court failed to consider the cross-reference provision of U.S.S.G. § 2K2.1(c), and failed to enhance the offense for obstruction of justice. "[T]he adjustments of sentences by enhancements or reductions are mixed questions of law and fact and are reviewed de novo by appellate courts. . . . If the sentence is procedurally sound, we then review the sentence for substantive reasonableness under an abuse of discretion standard." *United States v. Groenendal*, 557 F.3d 419, 423 (6th Cir. 2009) (citations omitted). We review a district court's interpretations of the Guidelines de novo, and its factual findings at sentencing for clear error. *United States v. Kana*, Nos. 07-2556, 07-2557, 08-1513, 2009 WL 1421102 at *1 (6th Cir. May 20, 2009) (citations omitted).

While the district court did consider § 2K2.1(c)'s cross-reference provision, the court said

5

that it could not apply that provision because there was no underlying conviction for the offense the government asked it to cross-reference. But we have said repeatedly with reference to § 2K2.1(c) and cross-referencing that the court may consider acquitted conduct. *E.g., United States v. Cowon*, 196 F.3d 646, 649 (6th Cir 1999) ("the sentencing guidelines do not restrict § 2K2.1(c), the cross reference provision, to offenses that were charged in the indictment or that resulted in a conviction."). Thus, the district judge's failure to consider the cross reference provision as to acquitted conduct was procedurally unreasonable.

The government's second claim of error is that the district court erred when it required that the enhancement for obstruction of justice be based only on facts admitted by Sawyers or found by the jury beyond a reasonable doubt. The government is correct. "*Booker* did not eliminate judicial fact-finding." *United States v, Stone*, 432 F.3d 651, 654 (6th Cir. 2005), *cert. denied*, 127 S. Ct. 129 (2006). The heightened standard of proof articulated and applied by the district judge was procedurally unreasonable. *See United States v. Gray*, 521 F.3d 514, 542 (6th Cir. 2008) ("A sentencing court acts unreasonably if it commits legal error in the process of taking the Guidelines or other factors into account, or if it fails to consider them at all."). The district court's error here was not harmless since it affected the sentence that was imposed, *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005), and thus it merits a remand for resentencing, *United States v. Vicol*, 514 F.3d 559, 561-62 (6th Cir. 2008).

## IV.

For the foregoing reasons, we **VACATE** Sawyers's sentence and **REMAND** this matter for resentencing consistent with this opinion.