**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0258n.06**
**Filed: April 13, 2006**

**No. 05-1028**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| PAUL MICHAEL SEDORE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  SUHRHEINRICH, ROGERS and COOK, Circuit Judges.

PER CURIAM.  Paul Michael Sedore appeals his sentence for identity theft in violation of

18 U.S.C. § 1028(a)(7) and defrauding the Internal Revenue Service (IRS) in violation of 18 U.S.C.

§ 286.  We vacate the sentence and remand the case for re-sentencing under the now-advisory

provisions of the U.S. Sentencing Guidelines, and the factors identified in 18 U.S.C. § 3553(a), in

accordance with *United States v. Booker*, 543 U.S. 220 (2005).  We also provide guidance regarding

the application of certain Guidelines provisions Sedore challenges with this appeal.

First, in determining whether Sedore abused a position of trust under U.S.S.G. § 3B1.3, the

district court may reevaluate whether Sedore occupied a position of trust, reassessing who qualifies

as a victim within the meaning of U.S.S.G. § 2B1.1 cmt n.1—the IRS and/or the individuals whose

personal information Sedore used for his scheme.  *See United States v. Guidry*, 199 F.3d 1150, 1160

(10th Cir. 1999) (holding that a "position of trust must be found in relation to the victim of the offense" and concluding that, although the government was the victim of the defendant's false tax-return filings, the defendant did not occupy a position of trust with the government).

Second, the district court may reexamine its decision to enhance Sedore's sentence for obstruction of justice under U.S.S.G. § 3C1.1 by determining whether Sedore acted "with knowledge that he . . . [was] the subject of an investigation or with the correct belief that an investigation [of him] [was] probably underway." *United States v. Brown*, 237 F.3d 625, 628 (6th Cir. 2001) (internal quotations omitted); *accord United States v. Baggett*, 342 F.3d 536, 541 (6th Cir. 2003) ("[A] defendant who engages in obstructive conduct prior to the investigation, prosecution, or sentencing of the instant offense is not subject to the enhancement.").

The sentence is vacated and the case is remanded to the district court for re-sentencing.