**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.1.0**

# United States Court of Appeals

## For the First Circuit

No. 05-2329

UNITED STATES OF AMERICA,

Appellee,

v.

JOSEPH NICOLELLA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Lipez, Circuit Judge,
Campbell, Senior Circuit Judge,
and Howard, Circuit Judge.

Robert Little on brief for appellant.
Donald C. Lockhart and Gerard B. Sullivan, Assistant U.S.
Attorneys, and Robert Clark Corrente, United States Attorney, on
brief for appellee.

January 12, 2007

**Per Curiam**.  Joseph Nicolella ("Nicolella") appeals from his 108-month, bottom-of-guidelines sentence on the grounds that the district court erred in applying the kidnapping guideline and that the resulting sentence was unreasonably high.[1]  After careful consideration of the parties' briefs and the underlying record, we affirm the sentence for the reasons discussed below.

In return for Nicolella's pleading guilty to two counts of interstate domestic violence and two counts of interstate violation of a protection order, the government dismissed a fifth count of kidnapping arising from the same incident of domestic violence as the other counts.  As Nicolella concedes, despite the dismissal of the kidnapping count, it was permissible for the district court to consider the conduct underlying that count in sentencing.  See USSG § 1B1.3 comment. (backg'd); United States v. Marks, 365 F.3d 101, 107 n.4 (1st Cir. 2004).

Nevertheless, Nicolella argues that the district court erred in applying the kidnapping guideline in calculating his advisory guideline range for three reasons.  First, he argues that his conduct did not rise to the level of kidnapping.  The government makes a strong argument that Nicolella waived that

---

[1]He also argues that United States v. Booker, 543 U.S. 220 (2005), was wrongly decided but recognizes that this court has no power to address that claim.

-2-

argument by first raising it and then abandoning it at sentencing.[2] See United States v. Rodriquez, 311 F.3d 435, 437 (1st Cir. 2002) (finding it difficult to conceive of a more conspicuous example of a [waiver]" than when "[a] party . . . identifies an issue, and then explicitly withdraws it").  Moreover, as the district court recognized, the absence of aggravating factors, such as a ransom demand, sexual assault, or use of a dangerous weapon, does not mean that the conduct did not constitute a kidnapping but only that no enhancement based on such factors was warranted.  See USSG § 2A4.1(b)(1)-(5).

Nicolella's second argument is that the district court erred in applying the kidnapping guideline, USSG § 2A4.1, rather than the stalking or domestic violence guideline, USSG § 2A6.2. While Nicolella is correct in starting with the stalking or domestic violence guideline, which applies to his offenses of conviction under USSG App. A, his argument ignores or misreads the cross-reference contained in that very guideline.

That cross-reference, which the district court applied, provides that "[i]f the offense involved the commission of another criminal offense, [the court should] apply the offense guideline . . . most applicable to that other criminal offense, if the resulting offense level is greater than that determined [by

---

[2]By the end of the sentencing hearing, defense counsel had conceded that "the elements of kidnapping are there" and no longer disputed "[t]he fact that the kidnapping was present."

application of the base offense level and specific offense characteristics for stalking or domestic violence]."  USSG § 2A6.2(c)(1) (emphasis added).  Here, as discussed above, there is no question that the offenses of conviction involved the commission of kidnapping, that the guideline most applicable to the offense of kidnapping is section 2A4.1, and that the resulting offense level under the kidnapping guideline is greater than that determined under the stalking or domestic violence guideline.[3]  Accordingly, the district court correctly applied the kidnapping guideline in determining Nicolella's offense level.

Nicollela's third argument, raised for the first time on appeal, is that, because use of the kidnapping cross-reference dramatically increased his sentence, the district court was required to find the underlying facts by clear and convincing evidence.  The short answer to that argument is that even if a higher standard of proof were constitutionally required in these circumstances--a question that we need not decide here[4]--

---

[3]Under the kidnapping guideline, Nicolella's offense level was 32, USSG § 2A4.1(a), while under the domestic violence guideline, even with a four-level increase for aggravating factors, his offense level would have been only 22, USSG § 2A6.2(a),(b).

[4]Before Booker, we rejected that argument, United States v. Lombard, 102 F.3d 1, 4-5 (1st Cir. 1996), and have not had occasion to revisit it since then.  Other circuits that have considered this argument post-Booker have reached varying conclusions.  See United States v. Reuter, 463 F.3d 792, 792-93 (7th Cir. 2006) (collecting cases).  Under those circumstances, any error in applying the preponderance of the evidence standard would not be sufficiently "plain" to warrant relief based on this unpreserved claim.  See

Nicolella's admission of the underlying facts and his concession that the elements of kidnapping were met renders the standard of proof irrelevant.

As a fallback argument, Nicolella argues that his resulting 108-month sentence was unreasonably high under the standards we articulated in United States v. Jiménez-Beltre, 440 F.3d 514, 517 (1st Cir. 2006) (en banc). Specifically, he argues only that, in declining to impose a lesser sentence, the district court "outweighed the severity of his crime." That argument is meritless. The district court's characterization of the crime as "very, very serious" is amply supported by the record--including gruesome photographs and graphic grand-jury testimony of the victim--indicating that Nicolella repeatedly struck her in the face and threatened to kill her if she attempted to escape. On appeal, Nicolella points to no countervailing factors. And, in any event, the amount of weight given to the relevant factors is for the district court, not an appellate court, to determine. United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006).

Affirmed. See 1st Cir. Loc. R. 27.0(c).

---

United States v. Diaz, 285 F.3d 92, 97 (1st Cir. 2002).