**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0786n.06

**No. 09-5884**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Dec 22, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| ARTHUR WITHERS,* | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MARTIN and SILER, Circuit Judges; BELL, District Judge.**

**SILER**, Circuit Judge.  Defendant Arthur Witherson pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g).  At sentencing, the district court applied a two-point enhancement for obstruction of justice under USSG § 3C1.1, based on a letter Witherson sent to his cousin to pay a witness to testify falsely at Witherson's suppression hearing.   The district court sentenced Witherson to 104 months' incarceration, a sentence in the middle of the Guidelines range. Witherson challenges the obstruction of justice enhancement and the reasonableness of his sentence. We **AFFIRM**.

---

*Throughout the lower court docket the appellant is referred to alternatively as Withers and Witherson.

**The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

I.

In 2007, the Memphis Police Department executed a search warrant at a residence where four individuals were present. Inside, officers saw Witherson throw a bag containing crack and Lortab pills onto a coffee table and run toward the rear with a pistol in his hand. Officers recovered the pistol and various drug items and arrested Witherson on drug and firearms charges.

While Witherson was in jail awaiting trial, officers recovered a letter written by Witherson to his cousin "Bookie." It instructed "Bookie" to get in touch with "Bo Bo," who was present at the search warrant execution and was then incarcerated. In a section entitled, "What He Need to Say," the letter set out in detail how Bo Bo was to testify at Witherson's suppression hearing so that a knock and announce violation would be found and the case dismissed.[1] Witherson instructed Bookie to pay Bo Bo and to "[t]hrow him something to make sure he do right." Witherson warned Bookie to "do everything slick" and to not alarm Bo Bo or "make him feel threat[ened] in any way." Witherson also warned Bookie, "Don't let him tape you, make sure you on another phone! If you reach him something send a broad don't let her get followed." In addition, Witherson stated that Bo Bo "don't have to worry about perjury because this is all about the warrant."

Witherson never filed a motion to suppress, and he pleaded guilty to being a felon in possession of a firearm.

At Witherson's sentencing, the district court addressed the obstruction of justice enhancement based on the letter. It determined the testimony that Witherson was soliciting from Bo

---

[1]*But see Hudson v. Michigan*, 547 U.S. 586, 599 (2006) (holding that the exclusionary rule does not apply to knock and announce violations).

Bo was not true. The district court concluded that the two-level enhancement for obstruction of justice was appropriate.

Despite the applicability of the obstruction of justice enhancement, the district court granted a three-level reduction for acceptance of responsibility. It also eliminated a four-level enhancement in the presentence report for possession of the firearm in connection with the apparent drug distribution. These adjustments resulted in an offense level of 23. Based on criminal history category VI, Witherson's Guidelines range was 92 to 115 months. After extensively considering the 18 U.S.C. § 3553(a) factors and their application to Witherson's case, the district court sentenced Witherson to 104 months' incarceration.

## II.

We review the imposition of an obstruction of justice enhancement under the standards from *United States v. Baggett*, 342 F.3d 536, 540 (6th Cir. 2003) (citing *United States v. Camejo*, 333 F.3d 669, 674-75 (6th Cir. 2003)). A defendant's offense level is increased by two levels if:

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

USSG § 3C1.1. The commentary's "non-exhaustive" list of examples of covered conduct includes:

> (a) threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so; [or]

> (b) committing, suborning, or attempting to suborn perjury, including during the course of a civil proceeding if such perjury pertains to conduct that forms the basis of the offense of conviction.

USSG § 3C1.1, comment. (n. 4).

The obstruction of justice enhancement is appropriate when the defendant sent letters seeking to influence a witness's testimony. *See United States v. Bingham*, 81 F.3d 617, 632 (6th Cir. 1996) (upholding an enhancement where the defendant sent letters to his girlfriend dictating how she should testify). It is also appropriate when the defendant used an intermediary to attempt to influence a witness's testimony. *See United States v. Moss*, 9 F.3d 543, 553-54 (6th Cir. 1993) (upholding an enhancement where, after arraignment, the defendant asked a co-conspirator to offer another co-conspirator "$25,000 in gold coins to change his testimony or to refuse to testify").

Witherson's letter constituted an attempt to unlawfully influence a witness because he was attempting to have Bo Bo paid to testify falsely. USSG § 3C1.1, comment. (n. 4). The letter on its face indicates that the elicited testimony was not true. Witnesses do not need to be paid to tell the truth; evasive measures to avoid detection would only be necessary if the testimony was false; and witnesses only need to worry about perjury when not telling the truth.

A comparison of the events described in the letter to the events described in the presentence report, to which Witherson did not object, confirms that the elicited testimony was false. Despite the obvious falsehood of the proposed testimony, Witherson contended at oral argument that the district court was required to hold a hearing to determine the veracity of the events described in his letter, pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Witherson did not make this argument in the district court or in his brief, and we decline to consider it now. *See United States v. Bender*, 265 F.3d 464, 475 (6th Cir. 2001).

The district court did not err in concluding that Witherson willfully attempted to obstruct or impede the administration of justice with respect to the prosecution of his case. USSG § 3C1.1; *Moss*, 9 F.3d at 553-54.

## III.

Witherson argues that his sentence is "unreasonably harsh and unnecessarily long" because the district court failed to consider as mitigating factors (1) his drug addiction's effect on his criminal history category, (2) his educational and career goals, and (3) his charitable work, cooperation with the government, and family situation.

This court reviews "a district court's sentencing determination, under a deferential abuse-of-discretion standard, for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (internal quotation marks omitted). "A sentence is procedurally reasonable only if the district court '(1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.'" *United States v. Studabaker*, 578 F.3d 423, 431 (6th Cir. 2009) (quoting *Bolds*, 511 F.3d at 581).

"For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (citation and internal quotation marks omitted). A sentence within the Guidelines is afforded a

presumption of reasonableness.  *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

The district court properly calculated the advisory Guidelines range as 92 to 115 months.  It listened to Witherson's arguments concerning his cooperation with the government, his volunteer work, and his desire to finish his education and be successful in the rap music area.  It then proceeded to extensively analyze the factors under § 3553(a) and how they applied specifically to Witherson's case, concluding that a sentence of 104 months was appropriate.  It adequately articulated its reasoning for this sentence and its rejection of Witherson's request for a sentence between 77 and 96 months.  Accordingly, the sentence was procedurally reasonable.

Regarding the asserted mitigating factors, the district court took into account Witherson's cooperation by granting a three-level reduction for acceptance of responsibility even though he obstructed justice.  The other "mitigating factors" asserted by Witherson are "not ordinarily relevant in determining whether a departure may be warranted."  USSG § 5H1.2 (education and vocational skills); § 5H1.4 (addiction); § 5H1.6 (family responsibilities); § 5H1.11 (charitable service).  The district court properly addressed Witherson's contentions and concluded that a sentence within the Guidelines was appropriate. Witherson has not rebutted the presumption of reasonableness afforded to his sentence.

**AFFIRMED**.