# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3203

_____

United States of America,

        Appellee,

v.

James H. Douglas,

        Appellant.

\* Appeal from the United States
\* District Court for the Eastern
\* District of Missouri.

_____

Submitted: April 12, 2011
Filed: July 28, 2011

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

James Douglas pleaded guilty to one count of interstate domestic violence in violation of 18 U.S.C. § 2261(a)(1) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) after he took his wife by gunpoint across state lines. At sentencing, the district court[1] applied a cross-reference to kidnapping when calculating Douglas's Guidelines range, and sentenced Douglas to 120 months on the interstate domestic violence count and 60 months on the felon in

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

possession count, to be served consecutively. Douglas appeals the application of the cross-reference to kidnapping. We affirm.

I

On the morning of December 24, 2009, James Douglas showed up at his wife Jessica's place of employment, a business known as Easy Money. Douglas represented to Jessica he would bring her to the bank, but when she stepped inside her vehicle, he pulled out a gun, placed it on his lap, and declared he was taking her "for a ride." Officers with the Cape Girardeau, Missouri Police Department arrived at Easy Money shortly thereafter, responding to a call of a suspicious person leaving the business. The officers noticed the door to the business was open, and the cash register was left on, but there was no money inside the register. They also discovered Jessica was missing, but they located a letter written to her from Douglas. Douglas's truck was found in a lot beside the business with the keys in the ignition, and a ski mask and duct tape inside. Given these events, the officers contacted the Federal Bureau of Investigation and a joint investigation proceeded, commencing with an "Amber Alert" to locate Jessica's whereabouts.

Meanwhile, while driving en route to Interstate 55, Douglas informed Jessica he witnessed her with "her boyfriend" the previous evening, and it was later uncovered he had stalked her at a local bar. Douglas then punched Jessica in the mouth, and later in the left eye. He also rolled down the passenger window of the car and fired the gun in front of Jessica's face and out the window. At one point, Douglas directed Jessica to contact her mother to indicate she was alright and she had left voluntarily with him. Later, when Jessica was momentarily left alone in the vehicle, she reached her mother by phone again and described the true circumstances of her trip with Douglas.

Upon arriving at a Super 8 Motel in Madison, Mississippi, Douglas had Jessica contact the police department to inform them she left willingly. However, through their questioning during the call, the officers were able to ascertain Jessica's presence with Douglas was not voluntary, as well as the fact Douglas was armed. After pinpointing the couple's location from the cellular telephone information, the officers converged on the motel and apprehended Douglas that evening. A subsequent search of the vehicle revealed a 9mm, semi-automatic pistol loaded with six rounds of ammunition in the magazine and one round of ammunition in the chamber, as well as a spent shell casing on the passenger side floorboard.

Douglas was initially charged in Missouri state court, but the state charges were dismissed after a federal indictment charged him with being a felon in possession of a firearm and kidnapping. On April 15, 2010, a superseding indictment charged Douglas with four counts: (1) kidnapping in violation of 18 U.S.C. § 1201; (2) interstate domestic violence in violation of 18 U.S.C. § 2261(a)(1); (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (4) possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Douglas pleaded guilty to Counts Two and Three and, pursuant to a plea agreement, Counts One and Four were dismissed at sentencing.

In the plea agreement, the parties agreed the base offense level for the domestic violence charge was 18 and four additional points should be added for aggravating factors, and three points should be subtracted for acceptance of responsibility, resulting in a total offense level of 19. The parties expressly acknowledged the possible application of a cross-reference to kidnapping. On the felon in possession count, the parties agreed to a base offense level of 20, with four additional points for aggravating circumstances and three points off for acceptance of responsibility, providing a total offense level of 21. With Douglas's criminal history category of VI, the Guidelines range calculated under the plea agreement was 77 to 96 months.

The Presentence Report (PSR) recommended the two charges be grouped, and a base offense level of 32 under the kidnapping provision, U.S.S.G. § 2A4.1, be applied via the cross-reference under U.S.S.G. § 2A6.2(c)(1). After adding two points for the use of a dangerous weapon, and subtracting three points for acceptance of responsibility, the PSR calculated a total offense level of 31, resulting in a Guidelines range of 188 to 235 months.

At sentencing, Douglas accepted the factual findings contained in the PSR, but the parties dispute whether he withdrew his legal objection to the recommended cross-reference. After accepting the facts contained in the PSR, the district court announced the total offense level would be 31, producing a Guidelines range of 188 to 235 months. The court sentenced Douglas to 180 months, consisting of 120 months on the interstate domestic violence count and 60 months on the felon in possession count, to be served consecutively. Douglas appeals the cross-reference to U.S.S.G. § 2A4.1.

II

We review the district court's factual findings for clear error and its application of the Guidelines de novo. United States v. Grays, 638 F.3d 569, 571 (8th Cir. 2011).

Douglas concedes there was sufficient evidence to support the facts found by the court at sentencing. However, under those facts, he argues it was error to cross-reference the interstate domestic violence charge. In support, Douglas analogizes to United States v. Meyers, 401 F.3d 959 (8th Cir. 2005), which he claims is factually similar but neglected to apply a cross-reference. Assuming a cross-reference is proper, Douglas contends the reference should be made to aggravated battery, which has a base offense level of 14. After adding eight points for enhancements and deducting three points for acceptance of responsibility, Douglas calculates a total

offense level of 19, which equals the non-cross-referenced interstate domestic violence level of 19 and is lower than the felon in possession level of 21. Using the higher level, Douglas argues the Guidelines range should be 77 to 96 months. He also analogizes to United States v. Baggett, 342 F.3d 536 (6th Cir. 2003), which he asserts is another factually similar case where the court did not apply a cross-reference to kidnapping. In Baggett, the defendant was acquitted of kidnapping and found guilty on an interstate domestic violence charge, and the court applied a cross-reference to aggravated assault. Id. at 540. Douglas suggests this is all the more reason to avoid a cross-reference to kidnapping here because the kidnapping charge was dismissed, whereas the defendant in Baggett was acquitted after a trial on the charge.

We are unpersuaded by Douglas's arguments. If a defendant objects only to the PSR's recommendation, but not to the facts themselves, the court may accept the facts as true and rely on the unobjected-to facts in determining whether to impose an enhancement. United States v. Bledsoe, 445 F.3d 1069, 1073 (8th Cir. 2006). Because Douglas did not object to the facts stated in the PSR, the district court was entitled to base its cross-reference decision on the undisputed facts. See United States v. Howell, 606 F.3d 960, 964 (8th Cir. 2010) (concluding the district court did not err in applying a cross-reference when it based its determination upon undisputed facts); United States v. Gallimore, 491 F.3d 871, 875 (8th Cir. 2007) ("Here the district court based its decision to apply the cross reference provision on facts to which [the defendant] did not object – facts that were at the heart of his guilty plea.").

The undisputed facts demonstrate Douglas took Jessica from her place of employment against her will in a vehicle. Once in the vehicle, Douglas detained Jessica by gunpoint, striking her in the face twice and firing his gun outside the window in front of her. He further forced Jessica to call her mother to lie about her safety and her willingness to leave with him, which was demonstrated by the information described by Jessica in her subsequent call to her mother. Finally,

Douglas forced Jessica to make a similar call to the police, and he did not terminate the escapade until the police apprehended him at a motel in Mississippi.

While kidnapping is not defined in the Guidelines, these established facts provided the court with a basis to apply the cross-reference to the kidnapping provision.[2]  See, e.g., United States v. Grimes, 348 F. App'x 138, 141-42 (6th Cir. 2009) (unpublished) (concluding the district court properly applied the kidnapping cross-reference because the established facts showed the defendant moved the victim without his consent while causing the victim substantial bodily injury, which sufficed under Tennessee law); see also Grays, 638 F.3d at 571 ("There is sufficient evidence to support the court's finding that Grays possessed the Glock in connection with a drug trafficking offense, which properly triggered the cross reference to § 2D1.1."). The two cases to which Douglas cites, Meyers and Baggett, are of little help because the fact the district court in those cases may not have applied the kidnapping cross-reference under those facts does not compel the same result in this case.  Douglas even states the district court in Meyers "did not apply a cross-reference *even though it could have* under Guideline section 2A6.2(c)."  Blue Br. at 12 (emphasis added). Moreover, the use of cross-references is not limited solely to those offenses charged in the indictment or those resulting in a conviction, and thus the fact the kidnapping count was dismissed in this case provides no support for Douglas's position.  See Grays, 638 F.3d at 571; United States v. Cowan, 196 F.3d 646, 649 (6th Cir. 1999).

---

[2]The government argues Douglas waived his right to appeal the kidnapping cross-reference when he withdrew his objections to the PSR at sentencing.  See United States v. Harrison, 393 F.3d 805, 807 (8th Cir. 2005) ("[W]hen a judge asks at sentencing whether there is an objection to an enhancement, and the lawyer does not object, the argument is barred from consideration on appeal.") (citing United States v. Richardson, 238 F.3d 837, 841 (7th Cir. 2001)).  We decline to reach the issue of waiver, however, because the undisputed facts amply support the court's cross-reference to the kidnapping guideline.

In sum, U.S.S.G. § 2A6.2(c)(1) provides, "[i]f the offense involved the commission of another criminal offense, apply the offense guideline from Chapter Two, Part A (Offenses Against the Person) most applicable to that other criminal offense, if the resulting offense level is greater than that determined above." Given the undisputed facts, Douglas's offense of conviction involved the commission of kidnapping, and the resulting offense level under section U.S.S.G. § 2A4.1 was greater than his offense level determined under the domestic violence provision. See United States v. Nicolella, 211 F. App'x 12, 13 (1st Cir. 2007) (unpublished per curiam) (affirming the district court's application of the cross-reference to kidnapping because the offense of conviction involved the commission of kidnapping and the resulting offense level was higher than the domestic violence guideline). Therefore, the district court properly applied the cross-reference in U.S.S.G. § 2A6.2(c).

## III

For the foregoing reasons, we affirm Douglas's sentence.

_____