# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1718

_____

United States of America,

*Plaintiff - Appellee*,

v.

Cedric Dion Edwards, also known as Fat Ced,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 6, 2013
Filed: September 17, 2013
[Unpublished]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Cedric Edwards directly appeals after he pleaded guilty to a drug charge and the district court[1] imposed a within-Guidelines-range sentence. His counsel has moved

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

to withdraw, and in a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), he argues that the district court committed reversible error at sentencing. In a pro se supplemental brief, Edwards argues that he should not have been classified as a career offender, because one of the predicate convictions, a 2010 controlled-substance offense, was not actually sustained because the charge was dismissed. Citing <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), he also argues that his Fifth and Sixth Amendment rights were violated because his career-offender status was not alleged in the indictment. He suggests that his plea was unknowing, and also that counsel rendered ineffective assistance.

Addressing the pro se arguments first, we note that Edwards stipulated in his written plea agreement that he believed he was a career offender. He did not object to the presentence report's statement that the 2010 conviction existed, and the district court was entitled to accept the stipulated and unobjected-to fact as true. <u>See</u> <u>United States v. Douglas</u>, 646 F.3d 1134, 1137 (8th Cir. 2011); <u>United States v. Early</u>, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam). In any event, because Edwards did not raise the matter at sentencing, we review only for plain error, <u>see</u> <u>United States v. Troyer</u>, 677 F.3d 356, 358 (8th Cir. 2012), and he fails to show an obvious error occurred. Edwards offers nothing more than his bald assertion to dispute the fact of his 2010 conviction.

Edwards's complaint that his sentence is unconstitutional because the indictment did not charge his career-offender status is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), which remains good law. <u>See</u> <u>Alleyne</u>, 133 S. Ct. at 2160 n.1; <u>see also</u> <u>United States v. Sohn</u>, 567 F.3d 392, 394-96 (8th Cir. 2009). We decline to consider Edwards's ineffective-assistance claims on direct review, <u>see</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872-73 (8th Cir. 2007), and his suggestion that his guilty plea was unknowing is not cognizable because he made no attempt to withdraw his plea. <u>United States v. Villareal-Amarillas</u>, 454 F.3d 925, 932 (8th Cir. 2006).

As to the <u>Anders</u> brief argument, we find that the district court did not abuse its discretion in sentencing Edwards. <u>See generally</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____