# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-1214

———————————————

United States of America

*Plaintiff - Appellee*

v.

Lisa Carol Dockins

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

————————

Submitted: November 6, 2013
Filed: November 14, 2013
[Unpublished]

————————

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

Lisa Dockins appeals the 46-month prison sentence that the district court[1] imposed following her guilty plea to a drug-conspiracy offense. Her counsel has

———————————————

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Dockins has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

Counsel raises several sentencing arguments: (1) the sentence is unreasonable and excessive, (2) the court abused its discretion when it considered information in the presentence report (PSR) about Dockins's drug use in imposing her sentence, (3) the court abused its discretion in failing to conclude that Dockins was the least culpable member of the conspiracy, (4) a pretrial services officer made false or misleading statements at sentencing, and (5) the government impermissibly made statements at sentencing that were taken from Dockins's confidential pre-plea proffer meeting.

We reject all of the foregoing arguments, and conclude that the sentence was not unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review). Specifically, the court did not plainly err in its determination of the level of Dockins's culpability, see United States v. Molnar, 590 F.3d 912, 914 (8th Cir. 2010) (plain error review for error to which party did not object); in accepting as true the PSR's description of Dockins's drug use, to which she did not object, see United States v. Douglas, 646 F.3d 1134, 1137 (8th Cir. 2011); or in considering the information about her drug use in choosing how to sentence Dockins, see 18 U.S.C. § 3553(a)(1). We also conclude that the sentence, a downward variance from the calculated Guidelines range, was not substantively unreasonable. See United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) (it was nearly inconceivable that court abused discretion in not varying downward further). Finally, the court was entitled to accept the statements of the pretrial services officer, see U.S.S.G. § 6A1.3(a); and at sentencing, Dockins did not alert the court that any statement by the government breached a proffer agreement, nor does she identify on appeal which statements were at issue. In these circumstances, we find no error.

Counsel also raises a second set of arguments, namely, that (1) the court erred in accepting Dockins's guilty plea, (2) the officers who searched Dockins's home tricked her into cooperating, (3) the search warrant was invalid, (4) certain information was not admissible in establishing her guilt, and (5) counsel should not have waived the filing of pretrial motions, and should have filed a motion to suppress. However, Dockins pleaded guilty pursuant to a plea agreement in which she agreed to waive--with the exception of sentencing issues--all rights to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pretrial motions, hearings, and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea. We enforce the appeal waiver as to these arguments, which fall within the scope of the waiver, because the record reflects that Dockins understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver, and no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Therefore, we grant counsel's motion to withdraw, and we affirm.

_____