# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2044

_____

United States of America

*Plaintiff - Appellee*

v.

Ivan Barker, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: February 7, 2014
Filed: February 24, 2014
[Unpublished]

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Ivan Barker, Jr., appeals following the district court's imposition of sentence upon his guilty plea to a drug-related offense, in violation of 21 U.S.C. § 856(a)(2). His counsel seeks leave to withdraw, filing a brief under Anders v. California, 386 U.S. 738 (1967), in which he argues that the sentence is greater than necessary to satisfy the goals of sentencing under 18 U.S.C. § 3553(a), and that the district court

erred in weighing sentencing factors. In a pro se supplemental brief, Barker argues (1) the district court miscalculated his criminal history score, because two of his prior sentences should have been counted as only one; (2) the district court erred in determining the quantity of drugs used to determine his Guidelines offense level; and (3) the district court wrongly denied his motion to suppress, and he has a Sixth Amendment right to have this court address the issue on direct appeal. Having carefully considered all of the foregoing arguments, we affirm.

First, by pleading guilty unconditionally, Barker gave up any direct-appeal right to challenge the ruling on his motion to suppress, see United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007), and we reject his related Sixth Amendment argument. Second, Barker did not object below to the district court's determination of drug quantity, or to any portion of the presentence report (PSR) upon which the court relied in determining drug quantity, and we find that the court did not err, plainly or otherwise. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (plain-error review applies when issues are not raised in district court); United States v. Douglas, 646 F.3d 1134, 1137 (8th Cir. 2011) (court may accept as true facts in PSR to which defendant did not object).

Likewise, we review only for plain error Barker's argument about the calculation of his criminal history score, because he did not object below. The PSR shows that the two prior sentences at issue were imposed on the same day, after two separate arrests. We cannot discern from the PSR, however, whether Barker was arrested for the first offense before he committed the second offense. If he was not, then the district court plainly erred in separately counting the prior sentences. See U.S.S.G. § 4A1.2(a) (prior sentences are counted separately if they were for offenses separated by intervening arrest (i.e., defendant is arrested for first offense prior to committing second offense); otherwise sentences are counted separately unless they resulted from offenses in same charging instrument, or were imposed on same day). Barker's filings on appeal, however, demonstrate that he was arrested for the first

offense before he committed the second offense, and the government could have established this fact had Barker timely objected. In these circumstances, we are not presented with an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings and that provides us with authority to exercise discretion to correct a plain error. See United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).

Finally, we reject the Anders brief argument that Barker's sentence was substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc). Accordingly, the judgment of the district court is affirmed, and we grant counsel's motion to withdraw.

_____