# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4026

_____

United States of America

*Plaintiff - Appellee*

v.

Sulif I. Wilkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 18, 2017
Filed: April 12, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Defendant Sulif I. Wilkins pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He appeals his

sentence, raising three separate challenges to the district court's[1] application of the United States Sentencing Guidelines. We affirm.

Wilkins's girlfriend reported that he had assaulted her, fired shots in her direction, and threatened to shoot her mother and siblings. Officers recovered a bullet from the drywall of her apartment. Approximately two weeks later, officers approached Wilkins regarding an unrelated homicide investigation. They directed him to get on the ground. Officers reported that Wilkins reached under his shirt and pulled what appeared to be a firearm from near his waistband. He then leaned into the driver's side of a vehicle and reached towards the bottom of the driver's seat before fleeing. Officers pursued and captured him. Officers then looked into the vehicle and could see the handle of a firearm extending from under the driver's seat. Officers retrieved the firearm, identifying it as a .40-caliber semiautomatic handgun loaded with fifteen rounds in the magazine and one in the chamber.

Wilkins was arrested and charged with one count of being a felon in possession of a firearm and one count of possessing a stolen firearm. He pleaded guilty to the first count, and the second count was dismissed. The district court sentenced him to 120 months' imprisonment, the statutory maximum.

As a first point of error, Wilkins argues the district court erroneously classified his prior Missouri conviction for second degree robbery, Missouri Revised Statutes § 569.030 (2006), as a "crime of violence" under U.S.S.G. § 2K2.1(a)(2). The district court properly classified the prior conviction. See United States v. Swopes, No. 16-1797, slip op., 2018 WL 1525825, — F.3d — (8th Cir. Mar. 29, 2018) (en banc) (holding § 569.030 qualifies as a "violent felony" under 18 U.S.C. § 924(e)); see also

---

[1] The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

United States v. Vinton, 631 F.3d 476, 484 (8th Cir. 2011) (interpreting "crime of violence" and "violent felony" synonymously).

As a second point of error, Wilkins argues the district court erroneously applied a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A) based on a finding that the gun at issue in the present offense was stolen. We need not address the substance of this claim because the district court specifically noted that it would not have changed the overall sentence even had this enhancement not applied. See United States v. Martinez, 821 F.3d 984, 988–89 (8th Cir. 2016) (error is harmless "where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence, such as when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied" (citations omitted)).

As the third point of error, Wilkins presents a two-pronged argument challenging the application of U.S.S.G. § 2K2.1(b)(6)(B) based on the district court's determination that he possessed the firearm in connection with another felony offense. According to Wilkins, the district court's finding was clearly erroneous, and, in any event, application of this Guideline resulted in impermissible "double-counting."

The district court determined Wilkins had committed a felony under Missouri Revised Statutes § 571.030.1(1) by carrying a concealed firearm. Unobjected-to paragraphs of the presentence investigation report contain factual averments establishing this violation. See United States v. Killen, 761 F.3d 945, 949 (8th Cir. 2014) ("[T]he court may accept the facts as true and rely on the unobjected-to facts in determining whether to impose an enhancement." (quoting United States v. Douglas, 646 F.3d 1134, 1137 (8th Cir. 2011))). The district court's finding was not clearly erroneous.

"[D]ouble counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." United States v. Chapman, 614 F.3d 810, 812 (8th Cir. 2010) (quoting United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997)). Illegally carrying a concealed firearm in violation of Missouri law requires the proof of different elements than the underlying § 922(g) offense in this case. Applying U.S.S.G. § 2K2.1(b)(6)(B) based upon the cited Missouri offense, therefore, punishes a different harm than that accounted for in the Guideline's base offense level for § 922(g). See United States v. Jackson, 633 F.3d 703, 705–07 (8th Cir. 2011); see also United States v. Long, 563 F. App'x 498, 499–500 (8th Cir. 2014) (per curiam).

We affirm the judgment of the district court.

_____